1  Donna Mezias (State Bar No. 111902)
   dmezias@jonesday.com
2  Catherine Nasser (State Bar No. 246191)
   cnasser@jonesday.com
3  JONES DAY
   555 California Street
4  San Francisco, CA 94105
   Telephone:   (415) 626-3939
5  Facsimile:    (415) 875-5700

6  Attorneys for Defendant
   INTERNATIONAL BUSINESS MACHINES
7  CORPORATION

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ANGIE WANG, individually and on behalf of all others similarly situated, and the general public,**<br><br>**Plaintiff,**<br><br>v.<br><br>**IBM CORPORATION, its predecessors and/or assigns, and DOES 1 through 10, inclusive,**<br><br>**Defendants.** | **Case No. C-07-4914 JL**<br><br>**DEFENDANT INTERNATIONAL BUSINESS MACHINES CORPORATION'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT** |

Defendant International Business Machines Corporation ("IBM"), by and through its attorneys, hereby answers the Complaint filed by plaintiff Angie Wang ("Wang") as follows:

### I. INTRODUCTION

1.  IBM admits only that Wang purports to bring this matter as a putative class action and that she seeks certain relief on behalf of herself and others under the California Labor Code and California Business and Professions Code. IBM denies that this matter may be maintained as a class action, and it denies that Wang or any putative class member is entitled to the relief requested in the Complaint. IBM denies any remaining allegations in paragraph 1.

2.  IBM denies the allegations in paragraph 2.

3.  IBM denies the allegations in paragraph 3.

## II. JURISDICTION

4. IBM avers that this Court has jurisdiction over the claims in this matter. IBM denies the remaining allegations in paragraph 4.

5. IBM avers that this Court has jurisdiction over the claims in this matter. IBM denies the remaining allegations in paragraph 5.

6. IBM avers that this Court has jurisdiction over the claims in this matter. IBM denies the remaining allegations in paragraph 6.

7. IBM avers that this Court has jurisdiction over the claims in this matter. IBM denies the remaining allegations in paragraph 7.

## III. VENUE

8. IBM avers only that venue is proper in this District. IBM denies the remaining allegations in paragraph 8.

## IV. PARTIES

9. IBM admits that it employed Wang between January 1998 and March 15, 2007, when she voluntarily quit her employment. IBM further admits that, during her employment, Wang's job titles included Project Manager. IBM denies the remaining allegations in paragraph 9.

10. IBM admits only that it is a publicly owned company and that its corporate headquarters is in the State of New York. IBM admits that Wang purports to bring claims against IBM's predecessors, successors and assigns, but denies that any such entities would be proper defendants in this matter. IBM denies the remaining allegations in paragraph 10.

11. IBM admits only that Wang purports to bring claims against entities she has labeled as "Does 1 through 10, inclusive." IBM denies the remaining allegations in paragraph 11.

12. IBM denies the allegations in paragraph 12.

## V. FACTUAL BACKGROUND

13. IBM admits only that it does business in the County of San Francisco and elsewhere in the State of California. IBM denies the remaining allegations in paragraph 13.

1   14.   IBM admits only that it has afforded paid vacation time to certain employees in California. IBM denies the remaining allegations in paragraph 14.

2   15.   IBM denies that Wang has correctly identified and quoted a vacation policy applicable to IBM's employees in the State of California. IBM further denies the remaining allegations in paragraph 15.

3   16.   IBM states that paragraph 16 sets forth legal conclusions to which no response is required. IBM denies that it has violated California law in any respect and denies any remaining allegations in paragraph 16.

4   17.   IBM denies the allegations in paragraph 17.

### VI. CLASS ACTION ALLEGATIONS

18.   IBM admits only that Wang purports to bring this matter as a putative class action. IBM denies that this matter may be maintained as a class action and that Wang has properly defined a putative class. IBM denies the remaining allegations in paragraph 18.

19.   IBM denies the allegations in paragraph 19, including all subparts.

### FIRST CAUSE OF ACTION

20.   IBM incorporates and restates its responses to the allegations in paragraphs 1 through 19 as if fully set forth herein.

21.   IBM admits only that it has afforded paid vacation time to certain employees in California. IBM denies the remaining allegations in paragraph 21.

22.   IBM denies the allegations in paragraph 22.

23.   IBM denies the allegations in paragraph 23.

24.   IBM admits only that the Complaint seeks certain relief. IBM denies that Wang or any putative class members are entitled to the relief requested in the Complaint, or any other relief.

### SECOND CAUSE OF ACTION

25.   IBM incorporates and restates its responses to the allegations in paragraphs 1 through 24 as if fully set forth herein.

1  26. IBM states that paragraph 26 sets forth legal conclusions to which no response is required. IBM denies that it violated California law in any respect and denies any remaining allegations in paragraph 26.

27. IBM denies the allegations in paragraph 27.

28. IBM admits only that the Complaint seeks certain relief. IBM denies that Wang or any putative class members are entitled to the relief requested in the Complaint, or any other relief.

### THIRD CAUSE OF ACTION

29. IBM incorporates and restates its responses to the allegations contained in paragraphs 1 through 28 as if fully set forth herein.

30. IBM denies the allegations in paragraph 30.

31. IBM denies the allegations in paragraph 31.

32. IBM denies the allegations in paragraph 32.

33. IBM admits only that the Complaint seeks certain relief. IBM denies that Wang or any putative class members are entitled to the relief requested in the Complaint, or any other relief.

### FOURTH CAUSE OF ACTION

34. IBM incorporates and restates its responses to the allegations in paragraphs 1 through 33 as if fully set forth herein.

35. IBM admits only that Wang makes certain allegations in this matter, which IBM expressly denies. IBM denies the remaining allegations in paragraph 35.

36. IBM admits only that the Complaint seeks certain relief. IBM denies that Wang or any putative class members are entitled to the relief requested in the Complaint, or any other relief. IBM denies any remaining allegations in paragraph 36.

37. IBM denies the allegations in paragraph 37.

38. IBM admits only that the Complaint seeks certain relief. IBM denies that Wang or any putative class members are entitled to the relief requested in the Complaint, or any other relief.

39. Responding to the Prayer for Relief in the Complaint, including all sub-paragraphs therein, IBM denies that Wang or any putative class members have been damaged as alleged, or at all, by any act or omission of IBM, and further denies that Wang or any putative class members are entitled to the relief requested, or any relief, on the claims alleged. IBM denies each and every allegation not specifically admitted in this answer.

## DEFENSES

### First Defense

Neither the Complaint, nor any purported cause of action alleged, states facts sufficient to constitute a claim upon which relief may be granted.

### Second Defense

Wang's attempt to pursue this case as a class action fails because an independent and individual analysis of Wang's claims and the claims of each potential class member and each of IBM's defenses is required.

### Third Defense

Wang is not entitled to class action certification under Fed.R.Civ.P. 23 because Wang cannot satisfy the requirements for bringing a class action and Wang cannot adequately represent the interests of potential class members.

### Fourth Defense

Wang is not entitled to certification because the purported class action, as defined in the Complaint, is overly broad and patently unmanageable.

### Fifth Defense

Wang is not entitled to class certification because she fails to define the class she purports to represent clearly and/or objectively.

### Sixth Defense

Wang's attempt to pursue this case as a class action violates IBM's constitutional rights to a jury trial and to due process.

**Seventh Defense**

Wang's claims, in whole or in part, are barred by the applicable statutes of limitations.

**Eighth Defense**

Wang's claims, and the claims of any putative class members, are barred in whole or in part by the doctrines of laches, waiver, estoppel, unclean hands, and/or release.

**Ninth Defense**

To the extent that certain or all of Wang's causes of action rely in any part on statutory amendments or additions during the putative class period, those amendments and additions are not retroactive and bar Wang's claims in whole or in part.

**Tenth Defense**

Wang is not entitled to any penalty award under Sections 202 of the California Labor Code, or any other relevant provision, since, at all times relevant and material herein, IBM did not willfully fail to comply with the compensation provisions of California Labor Code §§ 200, *et seq.*, but rather acted in good faith and had reasonable grounds for believing that it did not violate the compensation provisions of the California Labor Code.

**Eleventh Defense**

The imposition of statutory penalties would violate IBM's rights, including the right to due process and equal protection, under the California and United States Constitutions and other laws.

**Twelfth Defense**

The claims for waiting time penalties should be denied because a good faith dispute exists as to whether any wages are due.

**Thirteenth Defense**

Wang's claims for injunctive relief are barred because Wang has an adequate remedy at law and/or Wang lacks standing and/or cannot make the requisite showing to obtain injunctive relief.

**Fourteenth Defense**

Wang lacks standing under Business and Professions Code Section 17200 et seq., because neither she nor the alleged class has suffered any competitive injury.

WHEREFORE, IBM prays for judgment as follows:

1. That Wang and the putative class members take nothing by reason of their Complaint, that the Complaint be dismissed in its entirety with prejudice, and that judgment be entered for IBM;

2. That IBM be awarded its reasonable costs and attorneys' fees; and

3. That IBM be awarded such other and further relief as the Court deems just and proper.

Dated: September 28, 2007                    Respectfully submitted,

                                                            JONES DAY

                                                             By: /s/ Donna M. Mezias
                                                                  Donna M. Mezias
                                                                  Attorneys for Defendant
                                                                  INTERNATIONAL BUSINESS
                                                                  MACHINES CORPORATION

SFI-570699v1